Filed 10/23/15  Anderson v. HSBC Bank CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ELLA M. ANDERSON et al., | B259104 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. KC066741) |
| v. | |
| HSBC BANK USA N.A., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dan T. Oki, Judge.  Affirmed.

Ella M. Anderson and Willie Anderson, in pro. per., for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton, Jonah S. Van Zandt and Kerry W. Franich for Defendant and Respondent.

_____

Ella M. Anderson and Willie Anderson obtained a $344,000 loan from a lender and, to secure the loan, executed a deed of trust encumbering one of their houses. The lender's beneficiary assigned the deed of trust to HSBC Bank USA, N.A. (HSBC) as trustee. When the Andersons failed to make loan payments, HSBC initiated foreclosure. The Andersons delayed foreclosure, however, by filing multiple bankruptcy petitions and then this lawsuit (to quiet title and for wrongful foreclosure) arguing that the transfer to HSBC is invalid and therefore they are no longer obligated to pay the loan to anyone—the original lender or HSBC. The trial court sustained HSBC's demurrer based on judicial estoppel. Because the Andersons make no argument in its brief that the trial court erred as to judicial estoppel, we affirm.

## BACKGROUND

### I.    Facts of the case

In October 2007, the Andersons obtained a $344,000 loan from Delta Funding Corporation (Delta). To secure the loan, they executed a deed of trust encumbering their house, naming Mortgage Electronic Registration Systems (MERS) as beneficiary. In December of that year, MERS (as nominee for Delta) assigned the deed of trust to HSBC as trustee.

In December 2010, the Andersons began missing loan payments. In June 2011, a notice of default was recorded. In mid-2011, MERS recorded the assignment of the deed of trust to HSBC.

From October 2011 to January 2013, the Andersons consecutively filed four bankruptcy petitions, which delayed foreclosure. The first petition was dismissed because the Andersons failed to file the required documents. The second petition was dismissed at the Andersons' request. The third petition was dismissed by the bankruptcy court, with an order barring the Andersons from filing another bankruptcy petition for six months. The fourth petition led to a bankruptcy discharge in October 2013. In none of the bankruptcy proceedings did the Andersons disclose any claims against HSBC.

**II.     Procedural history**

In March 2014, the Andersons filed this lawsuit with two causes of action:  to quiet title and for wrongful foreclosure.  The Andersons alleged that the transfer of their note into a securitized trust (and/or the assignment of the deed of trust) satisfied their debt and terminated the deed of trust and therefore HSBC could not foreclose.

HSBC demurred on multiple grounds.  First, the Andersons are judicially estopped from asserting both claims because they failed to disclose either claim in the bankruptcy proceedings.  Second, the Andersons failed to discharge the underlying debt (tender an amount sufficient to satisfy their debt) as required by law and also relied on legal authority that does not apply to the facts alleged.  Finally, HSBC argued that none of these defects can be cured and therefore the trial court should not allow the Andersons leave to amend their complaint.  The trial court sustained HSBC's demurrer on those grounds and without leave to amend.

## DISCUSSION

We review de novo the trial court's judgment sustaining a demurrer.  (*Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1203.)  "A demurrer tests the legal sufficiency of the factual allegations in a complaint."  (*Ibid.*)  On trial court rulings such as denial of leave to amend after sustaining a demurrer, however, our standard of review (abuse of discretion) is deferential to the trial court.  (*Id.* at p. 1204.)

**I.     In ignoring the trial court's ruling on judicial estoppel, the Andersons have forfeited any claim of error.**

Plaintiffs have the burden to affirmatively show error in the trial court's decision.  To demonstrate error, plaintiffs must provide meaningful legal analysis and citation to legal authority.  (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457.)  If such burden is not met, "plaintiffs have forfeited any claim of error."  (*Ibid.*)

Here, the Andersons make no argument as to how it believes the trial court erred in finding judicial estoppel in this case.  Instead, their brief argues the merits of their underlying quiet title and wrongful foreclosure claims.  By not even attempting to satisfy

their burden on appeal, the Andersons have forfeited any claim that the trial court erred. Therefore, we affirm the trial court's decision.

**II.      The Andersons have failed to show the trial court abused its discretion in denying leave to amend.**

When the "'plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment,'" we will reverse a trial court's denial of leave to amend as an abuse of its discretion.  (*Bank of America, N.A. v. Mitchell*, *supra*, 204 Cal.App.4th at p. 1204.)  Here, again, the Andersons make no argument as to how they could cure the defect in their complaint specifically related to judicial estoppel.  Thus, the Andersons have not met their burden of proof on appeal, and we affirm the trial court's decision.

**DISPOSITION**

The judgment is affirmed.  Costs are awarded to HSBC Bank USA, N.A.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MOOR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.